IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                         RESPONDENT

v.                          Criminal No. 6:11-cr-60033
                            Civil No. 6:15-cv-6014

JERMAINE RAY                                                         MOVANT

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant is Jermaine Ray ("Ray") who is proceeding *pro se*. On January 29, 2015, Ray filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 39. After being directed by the Court to respond, the Government filed a response to this Motion. ECF No. 42. Ray replied to the Government's Response. ECF No. 43. This matter is ripe for decision.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion, the Response, and the Reply; and based upon that review, recommends this Motion be **DENIED**.

1.      **Procedural Background**:[1]

Ray was indicted in a four count Superceding Indictment on April 10, 2012. ECF No. 12. He was charged as follows: (1) Count 1, possession with intent to deliver cocaine base in violation of 21 U.S.C. § 841(a)(1); (2) Count 2, possession of a firearm by a prior convicted felon in violation of 18 U.S.C. § 922(g)(1); (3) Count 3, knowingly carrying and using a firearm during, in relation to and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and (4) Count 4, possession of a firearm by a prior convicted felon in violation of 18 U.S.C. § 922(g)(1). On May 1, 2012, Ray appeared with counsel and plead not guilty to all counts. ECF No. 15.

---

[1]The procedural background is taken from the Motion, Response and Reply as well as the Court's docket in this matter.

On November 9, 2012, Ray appeared with Counsel and entered a plea of guilty to Counts 2 and 3 of the Superceding Indictment. ECF No. 31. The change of plea was pursuant to a written Plea Agreement entered into between the parties. ECF No. 33. As part of the written Plea Agreement, Ray admitted that on June 8, 2011, during a traffic stop, he had possessed a firearm on his person, specifically an AMT Government Model .45 caliber pistol, which was loaded with eight rounds of ammunition. He further admitted the vehicle he was driving at the time of his arrest contained 37 individually wrapped packages of cocaine base weighing approximately ten grams. Finally, he admitted that at the time of his possession of the firearm, he had previously been convicted of a felony offense. ECF No. 33, pp 3-4. United States District Judge Susan O. Hickey accepted his plea of guilty to both counts and directed the United States Probation Office to prepare a Pre-Sentence Report (PSR) pursuant to the United States Sentencing Guidelines (USSG). ECF No. 31.

A final PSR was prepared and filed with the Court on January 17, 2013. ECF No. 44. The PSR found a base offense level 20 pursuant to USSG § 2K2.1 as to Count 2, the felon in possession of a firearm Count. After receiving a 3 level adjustment of acceptance of responsibility, Ray's total offense level was determined to be 17. ECF No. 44 ¶ 23  His Criminal history category was determined to be 15. However, because he was on parole at the time of the instant offense, 2 points were added resulting in a criminal history score of 17. ECF No. 44 ¶ 44-46. This resulted in a Criminal History Category VI. The recommended sentence range for a total offense level was 17 and Criminal History was 51-63 months imprisonment. The sentence range for Count 3 was 60 months to be imposed consecutively to any other sentence. ECF No. 44 ¶ 60-61. Accordingly, the total USSG guideline range was 111-123 months imprisonment.

On January 17, 2013, Ray appeared for sentencing.  ECF No. 34.  Judge Hickey sentenced him to 51 months imprisonment as to Count 2 and to a consecutive 60 months imprisonment for Court 3.  The total sentence was therefore 111 months imprisonment.  Further, Ray was ordered to serve three years Supervised Release upon release from incarceration and pay a $100.00 Special Assessment as to each count of conviction.  The other two Counts in the Superceding Indictment were dismissed.  ECF No. 35.[2]   He did not appeal.

**2.** **Instant Motion**:

On February 25, 2015, Ray filed the instant Motion. ECF No. 39.   In this Motion he makes the following claims:

> a.  Ineffective assistance of counsel when trial counsel advised Ray to plead guilty to "count which there was no factual basis for."
>
> b.  Ineffective assistance of counsel when trial counsel "operated under a conflict of interest."
>
> c.  Prosecutorial misconduct when the Assistant United States Attorney placed a waiver of collateral attack in the Plea Agreement.

ECF No. 39.  Additionally, Ray asserts his Motion was timely filed because he is "factually and legally innocent of an 18 U.S.C. § 924(c) offense," *citing McQuiggin v. Perkins*, _____ U.S. _____, 133 S.Ct. 1924 (2013).  ECF No. 39, p. 19.

The Government responded to this Motion on April 27, 2015.  ECF No. 42.  In this response, the Government claims Ray's Motion is time-barred.  *Id.* at 4-7.  In the alternative, the Government claims that even if Ray's Motion is not time-barred, Ray's claims fail on their merits.  Finally, the

---

[2]Additionally, the Court ordered the forfeiture of the firearm and ammunition seized from Ray at his arrest.  ECF No. 38.

Government argues that no evidentiary hearing is required and no certificate of appealability should issue.  ECF No. 42,  p. 21-23.  This Motion is now ripe for consideration.

**3.       Section 2255 Generally**:

A § 2255 motion is fundamentally different from a direct appeal.  The Court will not reconsider an issue previously decided on direct appeal in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.").  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**4.       Discussion**:

In the substantive portion of his Motion, Ray raises two claims of ineffective assistance of counsel and one claim of prosecutorial misconduct.  Upon review, I find this Motion is time-barred. Accordingly, I will not address the substance of Ray's claims.

**a. Statute of Limitations**:  The Government argues Ray's Motion was not timely filed.  Ray responds and says his Motion is timely filed for two reasons.  First, he claims actual innocence is an exception to the one-year statute of limitations of § 2255(f).  Second, he claims the Attorney General of the United States, on October 14, 2014, directed the Department of Justice (DOJ) to no longer require waivers of the right to bring ineffective assistance of counsel claims in plea agreements.  He claims this new policy also directed DOJ lawyers to not enforce any existing waiver.[3]  He asserts this

---

[3]On October 14, 2014, the Attorney General issued a new policy to all DOJ criminal prosecutors which directs federal prosecutors to no longer ask defendants to waive future claims of ineffective assistance of

new DOJ policy was a "new fact" not discoverable until it was issued and thus his time to file a

motion pursuant to § 2255 began to run on October 14, 2014.  The Government did not respond to

this assertion.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter

"AEDPA") was signed into law.  As amended by the AEDPA, 28 U.S.C. § 2255 imposes a one-year

statute of limitations on § 2255 motions, stating in pertinent part:

> (f) A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Under § 2255(f)(1), a judgment may become final at different times, depending

upon when a defendant's options for further direct review are foreclosed.  *See United States v.*

*Gamble*, 308 F.3d 536, 537 (5th Cir.2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th

---

counsel in plea agreements.  It also instructs prosecutors to decline to enforce waivers that have already been signed in cases where defense counsel provided ineffective assistance resulting in prejudice or where the defendant's ineffective assistance claim raises a serious issue that a court should resolve.  *See, Attorney General Holder Announces New Policy to Enhance Justice Department's Commitment to Support Defendant's Right to Counsel* (Press Release, October 14, 2014), www.justice.gov/opa/pr/attorney-general-holder-announces-new-policy-enhance-justice-departments-commitment-suppoet

Cir.2000). When the Defendant takes no direct appeal, the judgment becomes final when the availability of appeal or a petition for certiorari expires. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987). In a criminal case, the defendant has fourteen (14) days to file a notice of appeal. *See* FED. R .APP. PROC. 4(b)(1)(A). If a defendant appeals his conviction and sentence to the Court of Appeals, then whether or not a petition for a writ of *certiorari* seeking review by the United States Supreme Court is filed, determines the date the judgment becomes final. If a defendant does not file petition for a writ of *certiorari* the one-year statute of limitations begins to run once the time for seeking review by the United States Supreme Court expires. *See Clay v. United States*, 537 U.S. 522, 532 (2003).

In the present case, the judgment was entered on January 18, 2013. ECF No. 35. Any notice of appeal was due fourteen days later. *See* FED. R. APP. P. 4(b)(1)(A). Because Ray did not appeal his conviction, it became final for purposes of § 2255 on February 1, 2013. Accordingly he had until February 1, 2014 in which to file the instant Motion. Ray actually filed the instant Motion on February 25, 2015, more than a year after the expiration of the one-year limitations period. His Motion is untimely unless some exception applies.

**b. Exception for Actual Innocence:** Ray claims his failure to file a timely notice of appeal should be excused because he is "factually and legally innocent of an 18 U.S.C. § 924(c) offense," *citing McQuiggin v. Perkins*, ____ U.S. ____, 133 S.Ct. 1924 (2013). ECF No. 39, p. 19. In his Reply (ECF No. 43), he specifically states *McQuiggin* offers a "gateway" for defendants who make a credible showing of actual innocence. He asserts he did not raise actual innocence early because of the waiver contained in his plea agreement. Once the Attorney General announced the policy discussed above, Ray could then file his actual innocence claim here. Ray claims he "never

admitted, confessed or stipulated to the underlying drug trafficking crime" which is part of the Count

3 allegation he now attacks. He does not present any evidence of any kind tending to show his

innocence.

The United States Supreme Court did hold in *McQuiggin* that movants are not

"automatically" barred from asserting § 2254 claims after one-year if they can show actual

innocence. *See McQuiggin*, 133 S.Ct. at _____. However, as discussed here, *McQuiggin* is not

applicable to Ray's circumstances. In *McQuiggin,* a state *habeas* petitioner sought relief from his

first-degree murder conviction. The petitioner claimed there should be an "equitable exception" to

the one-year statute of limitations, found at 28 U.S.C. § 2244(d)(1), where a petitioner could show

actual innocence.[4]  *See id.* at 1931. The Court ultimately agreed with the petitioner in *McQuiggin*

and stated that in a first, but untimely, petition for *habeas corpus* relief, the miscarriage of justice

exception for a claim of actual innocence survived AEDPA's passage intact and unrestricted,

allowing an exception to the one-year statute of limitations. *See id.* at 1934.

*McQuiggin* did not however change the manner in which a post conviction claim for relief

based on actual innocence should be evaluated. Specifically, *McQuiggin* stated: "To invoke the

miscarriage of justice [actual innocence] exception to AEDPA's statute of limitations, we repeat, a

petitioner 'must show that it is more likely than not that no reasonable juror would have convicted

him in the light of the new evidence.'" *Id*. at 1935 (citations omitted).

---

[4]The *McQuiggin* Court noted: "We have applied the miscarriage of justice exception to overcome various procedural defaults. These include 'successive' petitions asserting previously rejected claims, abusive petitions asserting in a second petition claims that could have been raised in a first petition, failure to develop facts in state court, and failure to observe state procedural rules, including filing deadlines." *McQuiggin*, 133 S. Ct. at 1931-32 (internal citations omitted).

Accordingly, while its possible Ray could avoid the application of the one-year statute of limitations found at 28 U.S.C. 2255 (f), he would be required to show his actual innocence by clear and convincing evidence. *See Sawyer v. Whitley*, 505 U.S. 333, 334 (1992). Here Ray's new "evidence" is in fact a negative inference, namely, he did not admit or confess to the drug trafficking crime which underlies his firearms conviction pursuant to 18 U.S.C. § 924(c). *See* ECF No. 39, p. 5.

"Actual innocence" means "factual innocence." *See Bousley v. United States*, 523 U.S. 614, 615 (1998). Ray's claim is essentially one of insufficient evidence not actual innocence. Further, a review of the facts admitted by Ray in the Plea Agreement contradict his current claim of actual innocence. He admitted driving the vehicle and failing to stop at a law enforcement check point. He admitted being nervous and reluctant to leave the vehicle once it was finally stopped by law enforcement. He admitted actual physical possession of the firearm at issue. He admitted the firearm was loaded with eight rounds of ammunition and was ready to fire when it was seized by law enforcement. He admitted there were thirty-seven (37) individually wrapped rocks of crack cocaine found in the vehicle he was driving. Perhaps most importantly, he admitted "the government could prove the defendant [Ray] intended to distribute these controlled substances and that a firearm was possessed in furtherance of this Drug Trafficking offense." *See Plea Agreement*, ECF No. 33, ¶ 3 (emphasis added). In short, the evidence before Judge Hickey was beyond a reasonable doubt Ray committed the offense for which he was convicted. Despite his assertion to the contrary, Ray did in fact make a direct admission of his criminal conduct in the Plea Agreement. He has wholly failed to make a claim of actual innocence. Further, he has offered no new evidence which would make an evidentiary hearing necessary on this issue.

     **c. Tolling of the Statute of Limitations**: Next Ray asserts the one-year statute of limitations

should be tolled because of the intervening policy adopted by the DOJ.  Ray raises this issue in his

Reply to the Government's response.  The policy at issue,[5] adopted by the DOJ on October 14, 2014,

essentially states the Government would no longer require waivers of ineffective assistance of

counsel claims in plea agreements.  Ray asserts the one-year statute of limitations should have not

have started to run until after the implementation of this policy.  As noted above, Ray's conviction

became final on February 1, 2013.  The one-year statute of limitations expired on February 1, 2014,

some nine months prior to the new policy being implemented by the DOJ.  Section 2255(f) does not

provide for new DOJ policy implementation to be the starting point for the running of the statute of

limitations.  Rather § 2255 (f) provides the statute begins to run on one of the following dates:

> (1) the date on which the judgment of conviction becomes final (in Ray's case February 1, 2013.);
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed (Ray makes no such assertion in this case);
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court (Ray does not allege any new right in his motion); and
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence (Ray makes no new factual allegations as set out above).

     **d. Equitable Tolling of the Statute of Limitations**: While Ray does not raise the issue of

equitable tolling, I will address it briefly.  The doctrine of equitable tolling applies to the statute of

limitations found in § 2255.  *See United States v. Martin*, 408 F.3d 1089  (8th Cir. 2005) (applying

same rule of equitable tolling to § 2255 cases the Court had previously applied to § 2254 cases).

---

[5]*See* Footnote 3 *infra*.

"The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).

Here, Ray makes no claim of extraordinary circumstances that prevented his filing this § 2255 Motion prior to February 1, 2014. Further, the fact he waited over two years from the date his conviction became final until he actually filed the Motion evidences a clear lack of diligence. Equitable tolling is not applicable in this case.

Ray's Motion is time-barred under the AEDPA one-year statute of limitations. Ray was required to file this Motion by February 1, 2014 but did not file it until Feburary 25, 2015. Thus, it was untimely filed.

**5.     Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter. Ray is clearly not entitled to the relief he seeks.[6] Further, I find Ray has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

**6.     Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 39) be **DENIED** and dismissed with prejudice.[7] I also recommend any request of a certificate of appealability be **DENIED**.

---

[6] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8ᵗʰ Cir. 1990).

DATED this **8ᵗʰ day of March 2016.**

  /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE